**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 110880

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOAQUIN LOPEZ,<br><br>Plaintiff,<br><br>vs.<br><br>ONLINE INFORMATION SERVICES INC.<br>D/B/A ONLINE COLLECTIONS,<br><br>Defendant. | Docket No: 1:16-CV-1163[DNH/CFH]<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

JOAQUIN LOPEZ (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against ONLINE INFORMATION SERVICES INC. D/B/A ONLINE COLLECTIONS (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff is an individual who is a citizen of the State of New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant's principal place of business is located in Albany, New York.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. On October 8, 2015, Plaintiff was in a car accident.

11. As a result of the accident, Plaintiff was treated at Winthrop University Hospital.

12. Plaintiff received certain emergency medical services at the Hospital.

13. Plaintiff's treatment at the Hospital was covered by his insurance.

14. Plaintiff's insurance paid the Hospital for services rendered to him.

15. Beginning in April 2016, and continuing through today and unlikely to stop absent the instant action, Plaintiff has been bombarded by letters and telephone calls from Defendant.

16. Defendant has sent Plaintiff at least thirteen (13) letters, a sample of which is annexed hereto as "**Exhibit 1**."

17. The letters are communications as defined by 15 U.S.C. § 1692a(2).

18. The letters all indicate "Your creditor has placed this account with this office for collection."

19. The letters set forth at least thirteen (13) different account numbers.

20. The letters set forth at least thirteen (13) different "PIN" numbers.

21. The letters set forth different amounts, ranging from $19.43 to $458.00.

22. The letters all indicate the same date of service.

23. The letters all indicate the same alleged "Creditor," Winthrop Radiology Assoc.

24. None of the letters provide the name of any person for Plaintiff to contact.

25. None of the letters identify any individual as the author of the letters.

26. The letters all direct Plaintiff to Defendant's website.

27. Defendant's website is a communication as defined by 15 U.S.C. § 1692a(2).

28. The letters all direct Plaintiff to make a payment on the website using his account number and PIN assigned by Defendant.

29. When Plaintiff accesses the website, none of the information concerning the amount owed on each account matches the amounts sought in the letters.

30. Plaintiff did not have thirteen (13) accounts with "Winthrop Radiology Assoc."

31. Plaintiff did not have any accounts with "Winthrop Radiology Assoc."

32. There is no way for Plaintiff to determine, either through the letters, or through the website, what the accounts represent.

33. There is no way for Plaintiff to determine, either through the letters, or through the website, what the stated "Amount Owed" represents.

34. There is no way for Plaintiff to determine, either through the letters, or through the website, what the amount is of his alleged debt.

35. There is no reason that Defendant would bombard Plaintiff with all the different letters other than to confuse and overwhelm Plaintiff.

36. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

37. One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

38. A debt collector has the obligation not just to convey the amount of the debt, but to convey such clearly.

39. A debt collector has the obligation not just to convey the amount of the debt, but to convey such clearly from the perspective of the least sophisticated consumer.

40. Based on Defendant's conduct, as described, Plaintiff is unable to determine the amount of the alleged debt.

41. Based on Defendant's conduct, as described, Plaintiff is confused as to the amount of the alleged debt.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

42. Based on Defendant's conduct, as described, Plaintiff is uncertain as to the amount of the alleged debt.

43. Based on Defendant's conduct, as described, the least sophisticated consumer would be unable to determine the amount of the alleged debt.

44. Based on Defendant's conduct, as described, the least sophisticated consumer would be confused as to the amount of the alleged debt.

45. Based on Defendant's conduct, as described, the least sophisticated consumer would be uncertain as to the amount of the alleged debt.

46. For these reasons, Defendant failed to clearly state the amount of the alleged debt.

47. For these reasons, Defendant failed to unambiguously state the amount of the alleged debt.

48. Defendant has violated § 1692g as it failed to clearly, explicitly and unambiguously convey the amount of the alleged debt.

49. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

50. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

51. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

52. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

53. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

54. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately state the amount of the debt is unfair and deceptive to the least sophisticated consumer.

55. Defendant has violated § 1692e as it failed to clearly, accurately and unambiguously convey the amount of the alleged debt.

56. Defendant has violated § 1692e in alleging Plaintiff has at least thirteen (13) accounts with the alleged creditor, when Plaintiff does not.

57. 15 U.S.C. § 1692f prohibits unfair or unconscionable means to collect or attempt

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

4

to collect any debt.

58. While § 1692f specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of unfair or unconscionable means based on any non-enumerated practice.

59. Defendant's bombardment of Plaintiff, as described, is an unfair and unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f.

60. Defendant's conduct, as described, has caused Plaintiff aggravation, worry, confusion and stress.

61. Defendant's conduct, as described, has caused Plaintiff to waste time.

62. Defendant's conduct, as described, has caused Plaintiff to lose time at work.

63. Defendant's conduct, as described, has caused Plaintiff to lose time with his family.

64. Defendant's conduct, as described, has caused Plaintiff to be distracted at work and distracted during time with his family.

## JURY DEMAND

65. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Statutory damages of $1,000.00 against Defendant pursuant to 15 U.S.C. § 1692k; and

    b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    c. Plaintiff's actual damages; and

    d. Plaintiff's costs; all together with

    e. Such other relief that the Court determines is just and proper.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

DATED: September 23, 2016

                                          **BARSHAY SANDERS, PLLC**

                                          By:  /s/ Craig B. Sanders_____
                                          BARSHAY SANDERS, PLLC
                                          100 Garden City Plaza, Suite 500
                                          Garden City, New York 11530
                                          Tel: (516) 203-7600
                                          Fax: (516) 706-5055
                                          csanders@barshaysanders.com
                                          *Attorneys for Plaintiff*
                                          Our File No.: 110880